## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


DAVID A. GABALDON,

      Plaintiff,

v.                                                                    No. 18cv470 JCH/LF

ALBUQUERQUE WORK FORCE DEVELOPMENT, et al.,

      Defendants.


## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed May 21, 2018. For the reasons stated below, the Court will **DISMISS** this case **without prejudice.** Plaintiff shall, within fourteen (14) days from entry of this Order, show cause why the Court should not enter the proposed filing restrictions described below.

**Dismissal**

The Court has previously imposed filing restrictions on Plaintiff stating: "Plaintiff also will be enjoined from initiating further litigation in this Court . . . unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*." Doc. 7 at 2, filed February 22, 2018, in *Gabaldon v. Sedillo*, No. 17cv1106 MV/JHR (D.N.M.) (describing steps Plaintiff must take to obtain permission to proceed *pro se* in this Court). Plaintiff did not take the required steps to obtain permission to proceed *pro se* in this Court and the Complaint is not signed by a licensed attorney who is admitted to practice before this Court. The Court will, therefore, dismiss this case without prejudice.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose

filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there
> is no constitutional right of access to the courts to prosecute an action that is
> frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989)
> (per curiam) (citation omitted). "There is strong precedent establishing the
> inherent power of federal courts to regulate the activities of abusive litigants by
> imposing carefully tailored restrictions under the appropriate circumstances."
> *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions
> may be imposed upon a litigant as long as they are designed to assist the ... court
> in curbing the particular abusive behavior involved," except that they "cannot be
> so burdensome ... as to deny a litigant meaningful access to the courts." *Id.*
> (brackets and internal quotation marks omitted). "Litigiousness alone will not
> support an injunction restricting filing activities. However, injunctions are proper
> where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878
> F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a
> party] must do to obtain the court's permission to file an action." *Id.* at 354. "In
> addition, [the party] is entitled to notice and an opportunity to oppose the court's
> order before it is instituted." *Id.* A hearing is not required; a written opportunity to
> respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Plaintiff initiated ten cases in the District of New Mexico from July 2016 to November

2017. Those ten cases were dismissed for lack of jurisdiction or because Plaintiff did not file an

amended complaint. *See Gabaldon v. Gabaldon*, No. 16cv864 KG/SMV (dismissed for failure

to file amended complaint); *Gabaldon v. Department of Justice*, No. 16cv1035 WJ/WPL

(dismissed for failure to file amended complaint); *Gabaldon v. Income Support Division*, No.

16cv1049 RB/SCY (dismissed for failure to file amended complaint); *Gabaldon v. New*

*Mexico*, No. 17cv124 MCA/WPL (dismissed for lack of jurisdiction); *Gabaldon v. Presbyterian*

*Hospital*, No. 17cv128 JAP/KK (dismissed for lack of jurisdiction); *Gabaldon v. Wal-Mart*

*Supercenter*, No. 17cv136 WJ/CG (dismissed for lack of jurisdiction); *Gabaldon v. Bernalillo*

*County Sheriff's Office*, No. 17cv144 JCH/WPL (dismissed for lack of jurisdiction); *Gabaldon v. United Health Care*, No. 17cv146 JAP/LF (dismissed for lack of jurisdiction); *Gabaldon v. New Mexico Coalition to End Homelessness*, No. 17cv473 LH/KBM (dismissed for lack of jurisdiction, remanded to state court); *Gabaldon v. Sedillo*, No. 17cv1106 MV/JHR (dismissed for lack of jurisdiction).

On February 22, 2018, the Court imposed filing restrictions on Plaintiff. *See* Doc. 7, *Gabaldon v. Sedillo*, No. 17cv1106 MV/JHR. Since then, Plaintiff has filed eight new cases, none of which complied with the filing restrictions. *See Gabaldon v. New Mexico Lottery*, No. 18cv348 KG/JHR; *Gabaldon v. Albuquerque Family Advocacy*, No. 18cv373 JCH/KK; *Gabaldon v. New Mexico*, 18cv395 MV/LF; *Gabaldon v. Civilian Police Oversight Agency*, No. 18cv447 JCH/LF; *Gabaldon v. New Mexico Human Services Dep't*, No. 18cv460 JAP/LF; *Gabaldon v. Gonzales*, No. 18cv465 JB/KBM; *Gabaldon v. Albuquerque Work Force Development*, No. 18cv470 JCH/LF; *Gabaldon v. City of Albuquerque Secirty* [sic], No. 18cv484 KBM. In each case[1] the Court has explained that it was dismissing the case because Plaintiff did not comply with the filing restrictions. The Court finds that additional filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

Plaintiff sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in all but two of the 18 cases he has filed in this Court.[2] Plaintiff has repeatedly abused the privilege of filing civil actions without prepaying the filing fee by not complying with the filing restrictions.

---

[1] Except for *Gabaldon v. City of Albuquerque Secirty* [sic], No. 18cv484 KBM, which is still pending.

[2] *Gabaldon v. New Mexico Coalition to End Homelessness*, No. 17cv473 LH/KBM, is a case that Defendants removed from state court. Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis* in *Gabaldon v. New Mexico Human Services Dep't*, No. 18cv460 JAP/LF.

"When a litigant abuses these privileges, filing restrictions are appropriate." *Werner v. Utah,* 32 F.3d 1446, 1447 (10th Cir.1994) (per curiam).

The Court intends to stop allowing Plaintiff to file new cases without prepaying the filing fee. Federal law orders the Clerk to require the parties instituting any civil action to pay a filing fee. *See* 28 U.S.C. § 1914(a). The statute governing proceedings *in forma pauperis* allows, but does not require, the Court to authorize commencement of an action without prepayment of fees.[3] *See* 28 U.S.C. § 1915(a)(1) (stating "any court of the United States *may* authorize the commencement" of an action without prepayment of fees) (*emphasis added*). Section 1915(a) does not permit litigants to avoid payment of fees; only prepayment of fees may be excused. *See Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013) ("all § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (*emphasis in original*). Accordingly, "proceeding *in forma pauperis* in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998), *cert. denied,* 526 U.S. 1008 (1999). In some cases, federal law requires that the Court deny certain parties the privilege of proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g) (the three-strikes provision of the *in forma pauperis* statute requires certain prisoners[4] to prepay the entire filing fee before federal courts may consider their civil actions and appeals); *see also White v. Colorado*, 157 F.3d at 1233 (the three-strikes provision "does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying [*in forma pauperis* ] status"); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001) (*en banc*) ("§ 1915(g) does not block a prisoner's

---

[3] The fee for instituting any civil action, suit or proceeding in this Court is $400.00, which is comprised of the $350.00 filing fee, *see* 28 U.S.C. 1914(a), and a $50.00 administrative fee.
[4] Those prisoners who "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

access to the federal courts. It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee").

The Court proposes to impose the following additional filing restrictions on Plaintiff: (i) Plaintiff may not commence any civil actions without prepayment of fees; and (ii) The Clerk of the Court shall not accept any documents initiating a new case unless Plaintiff prepays the filing fee.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this Order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i)      This case is dismissed without prejudice.

(ii)     Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why the Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**UNITED STATES DISTRICT JUDGE**